UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE E. Z., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No. 4:24-CV-00374-AKB-DKG <br><br> **REPORT AND RECOMMENDATION** |

## INTRODUCTION

On August 16, 2024, the Clerk of the Court conditionally filed Plaintiff's Complaint subject to later review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). (Dkt. 1, 5). The case has been referred to the undersigned for all purposes. (Dkt. 8). The initial review of the Application for Leave to Proceed In Forma Pauperis has been completed and the Court makes the following recommendation. (Dkt. 2).

## DISCUSSION

**1.      Legal Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

REPORT AND RECOMMENDATION - 1

criminal, . . .without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis ("IFP") status, a Plaintiff must submit an affidavit that includes a statement of all assets he or she possesses and that he or she is unable to pay the fee required. *Id*.

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

2.  **Analysis**

The Court has examined Plaintiff's Application to proceed in forma pauperis and finds that it is in the proper form, but that it does not establish the indigence of the Plaintiff. (Dkt. 2).

In the Application, Plaintiff reports she is employed and earns income in the amount of $1,100 per month and her spouse earns $5,200 per month in income, making the couple's total annual income $75,600. (Dkt. 2). The Court may consider the financial resources of Plaintiff's spouse in determining whether she is entitled to IFP status. *See*

*Escobedo*, 787 F.3d at 1236. In doing so, the Court must make a reasonable inquiry into: (1) whether her spouse's resources are "actually available" to her; and (2) whether her spouse "in fact has sufficient funds, given his or her own expenses, to assist in paying the fee." *Id*. at 1227.

Here, the Application reflects that Plaintiff shares finances with her spouse and that her spouse's income supports their family such that her spouse's resources are actually available to Plaintiff. (Dkt. 2). Further, the Application reflects that Plaintiff's spouse has sufficient funds to assist in paying the filing fee.

The annual income of Plaintiff's spouse alone is well-above the 2024 federal poverty guideline for a household of two ($20,400), and is exceeded even more so when factoring in Plaintiff's own income. *See McMillen v. Comm'r of Soc. Sec.*, 2022 WL 4099069, at *1 (E.D. Cal. Aug. 5, 2022) ("In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.").[1]

The couple have little or no funds in their bank accounts and report monthly expenses that exceed their monthly income. The Application reports two assets of a home, valued at $122,000 and a late model vehicle, both of which money is owed on. The Application includes a notation that the couple are behind on their monthly payments and

---

[1] *See* 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited September 13, 2022).

**REPORT AND RECOMMENDATION - 3**

are unable to keep up with other payday loans totaling $11,000.

Although sympathetic to Plaintiff's financial constraints, the Court nonetheless finds Plaintiff has failed to show she qualifies for IFP status. To qualify for IFP status, a Plaintiff must be experiencing such poverty that the Plaintiff cannot reasonably pay the court costs without forgoing the normal necessities of life. *Escobedo*, 787 F.3d at 1234. Here, Plaintiff has not shown with sufficient particularity, definiteness, and certainty that her family falls within this category. Plaintiff's family has two regular sources of income that are greater than the federal poverty level for a two-person household. While the reported monthly expenses exceed their monthly income, some of the expense items are vague and the amounts reported appear high based on the Court's experience in reviewing other similar Applications – such as, $200 in daily necessities, $800 food, $200 lawn mower payment. These facts suggest an ability to pay the $405 filing fee without sacrificing the necessities of daily living. In making this determination, the Court considered the reported monthly expenses relevant to medical, transportation, and home bills, as well as the credit card and payday loans. While those expenses likely contribute to Plaintiff's financial circumstances, the Court finds the couple's monthly income is sufficient to pay the filing fee.

Based on the foregoing, the Court finds Plaintiff has not established that she meets the requirements of 28 U.S.C. § 1915, and will recommend that the district judge deny the IFP Application.

ORDER - 4

## REPORT AND RECOMMENDATION

**THEREFORE IT IS HEREBY RECOMMENDED** that Plaintiff's In Forma Pauperis Application (Dkt. 2) be **DENIED** and that Plaintiff be required to pay the filing fee of $405 in full within a defined time period as specified by the District Judge, before being allowed to proceed in this matter. Failure to do so may result in dismissal of the case.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 22, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 5**