UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHELLE E. Z.[1]

                         Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                         Defendant.

Case No. 4:24-cv-00374-AKB-DKG

**REPORT AND
RECOMMENDATION**

## INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of her application for disability insurance benefits. (Dkt. 1). The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and is fully briefed. (Dkt. 17, 22, 23). Having carefully reviewed the parties' memoranda and the entire administrative record ("AR"), the Court will recommend that the decision of the Commissioner be reversed and remanded for further proceedings for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**REPORT AND RECOMMENDATION - 1**

## BACKGROUND

On February 28, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on March 1, 2020, due to physical impairments such as rheumatoid arthritis, psoriatic arthritis, psoriasis, asthma, sleep apnea, obesity, and anemia. (AR 18); (Dkt. 17 at 1-2). Plaintiff thereafter amended her alleged onset date of disability to June 1, 2022. (AR 18). Plaintiff's application was denied upon initial review and upon reconsideration. A hearing was conducted on July 27, 2023, before Administrative Law Judge ("ALJ") John Clady.[2] (AR 18).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on August 31, 2023, finding Plaintiff had not been under a disability from June 1, 2022, through the date of the decision. (AR 18-31). The Appeals Council denied Plaintiff's request for review on July 2, 2024, making the ALJ's decision final. (Dkt. 17 at 3). Plaintiff timely filed this action seeking judicial review of the ALJ's final decision on August 16, 2024. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-one years of age as of the ALJ's decision. (Dkt. 17 at 3). Plaintiff completed four years of college and had past relevant work as a leasing agent and a Spanish teacher. *Id*.

---

[2] An online video hearing was conducted, and Plaintiff agreed to appear via online video before the hearing and confirmed such agreement at the start of the hearing. (AR 157-158, 178).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2022, the amended alleged disability onset date. (AR 20). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: rheumatoid arthritis, degenerative joint disease of the left knee, asthma, and obesity. (AR 20). The ALJ further found Plaintiff's obstructive sleep apnea, thoracic kyphosis, psoriatic arthritis, osteoarthritis, hypertension, incontinence, and anxiety resulted in no more than minimal work-related restrictions and were therefore deemed non-severe. (AR 21-22). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 23).

The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> [S]he can stand or walk approximately two hours per eight-hour workday; with the following limitations as defined in the Selected Characteristics of Occupations: can occasionally stoop, kneel, and crouch; can never climb

ramps and stairs, climb ladders, ropes, or scaffolds, kneel, and crawl; can have no more than frequent or concentrated exposure to extreme cold, extreme heat, vibration, irritants such as fumes, odors, dusts, gases, and poor ventilation, and hazards such as moving machinery and unprotected heights; and can frequently use a cane or walker to stand or walk on all terrain.

(AR 24).

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a leasing agent. (AR 30). The ALJ therefore determined Plaintiff was not disabled.

## ISSUE FOR REVIEW

1.    Whether the ALJ properly evaluated the medical opinion evidence of Keith Cunningham, M.D.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and

actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Medical Opinion Evidence

#### a.     Legal Standard

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ is not required to give deference to any medical opinion, including treating source opinions. 20 C.F.R. § 404.1520c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's

opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

**REPORT AND RECOMMENDATION - 6**

b.    **Dr. Cunningham's Medical Opinion and The ALJ's Decision**

On July 26, 2022, Cunningham performed a physical consultive examination of Plaintiff and submitted a medical source statement illustrating her ability to do physical work-related activities.  (AR 793-800). Cunningham's physical examination stated that Plaintiff had trouble standing from the chair even with her cane, she was able to stand on each leg only when holding onto the counter, and reported pain in her back, knees, and ankles when doing so. (AR 794). Cunningham noted Plaintiff had a wide-based gait with externally rotated feet twenty degrees and was walking in a short gait waddling fashion. *Id*. Further, Plaintiff was found to have thoracic kyphosis, marked valgus angulation of the knees, impaired balance, a joint exam showing mild synovitis of the wrist, MCPs, and ankles, and her motor exam was at least antigravity throughout and showed very poor definition. (AR 795). Cunningham's opinion as to Plaintiff's ability to perform work-related activities stated that she could occasionally lift twenty pounds and frequently lift less than ten pounds due to her arthralgia, arthritis, and obesity, could stand/walk less than two hours a day due to her inflammatory arthritis, osteoarthritis, and obesity, and could sit for less than 6 hours a day because of her inflammatory arthritis, obesity, and back findings. (AR 797-98). Cunningham further opined that Plaintiff had multiple environmental restrictions due to her inflammatory arthritis, reactive airway disease, morbid obesity, osteoarthritis, and obstructive sleep apnea. *Id*.

The ALJ evaluated Cunningham's opinion as follows:

On July 26, 2022, Keith Cunningham, M.D., performed a physical consultive examination of the claimant. He opined that the claimant could life/carry twenty pounds occasionally, less than ten pounds frequently;

**REPORT AND RECOMMENDATION - 7**

stand/walk less than two hours and sit four hours in a workday; use
medically prescribed assistive device or cane; never do climbing, kneeling,
and crawling; occasionally do stooping, crouching, reaching, handling,
fingering, and feeling; avoid concentrated exposure to heights, moving
machinery, extreme temps, chemicals, dust, fumes, and gas (Exhibit 9F).
The opinion is supported by a physical examination of the claimant during
the consultative examination. The opinion is partially persuasive. It
overestimates the frequent lifting/carrying to less than ten pounds, the
standing/walking to less than two hours, and sitting to four hours. However,
it is consistent with the evidence cited above that supports the use of a cane;
never climbing ramps and stairs, kneeling or crawling; and occasionally
stopping and crouching. The record of mild osteoarthritis and well managed
rheumatoid arthritis is not consistent with limits in reaching, handling,
fingering, feeling, and avoidance of chemicals.

(AR 28-29).

> ### c.    Analysis

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion of

Keith Cunningham, M.D. (Dkt. 17 at 4). Specifically, Plaintiff alleges that the ALJ's

evaluation of Cunningham's opinion was not supported by substantial evidence in that

the ALJ did not properly analyze the supportability and consistency factors as required by

the regulations. *Id*. at 6-7. Defendant maintains that the ALJ properly considered the

medical opinion evidence as required under the applicable regulations, and the ALJ's

decision is supported by substantial evidence. (Dkt. 22).  Again, the ALJ here found

Cunningham's opinion to be partially persuasive. (AR 29).

Initially, Plaintiff contends that the ALJ's analysis of Cunningham's opinion is not

supported by substantial evidence, arguing that the ALJ erred by describing some of

Cunningham's opined limitations as an overestimation without any further discussion of

those limitations. (Dkt. 17 at 6). An ALJ may find an opinion to be unpersuasive, based

on either a lack of supportability or consistency, but where an ALJ finds an opinion to be

persuasive, the ALJ must find it both supported and consistent. *See Tracy F. v. O'Malley*,

2024 U.S. Dist. LEXIS, 72226, at *11-12 (D. Idaho Apr. 19, 2024); *Woods*, 32 F.4th at

792-793. "Supportability means the extent to which a medical source supports

the medical opinion by explaining the 'relevant . . . objective medical evidence," whereas

"[c]onsistency means the extent to which a medical opinion is 'consistent . . . with the

evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32

F.4th 785 at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1) and (2)).

The Court agrees with Plaintiff here and takes issue with the ALJ's finding that

Cunningham's opinion overestimates Plaintiff's limitations of frequent lifting/carrying of

less than ten pounds, standing/walking less than two hours, and sitting for four hours.

(AR 29). Because the ALJ determined those limitations to be an overestimation, the

Court interprets this to mean that the ALJ found Cunningham's opinion as to those

limitations to be unpersuasive. As such, the ALJ was required to support this finding by

determining the limitations were either unsupported by the evidence Cunningham relied

upon within the opinion or inconsistent with other evidence in the record. *Woods*, 32

F.4th at 792-793.

Upon the Court's review of the decision, it is unclear whether the ALJ's

determination that Cunningham's limitations were overestimated because they were

unsupported by evidence in the opinion, or because they were inconsistent with other

evidence in the record. Regardless of this distinction, before rejecting a medical opinion,

the ALJ is required to "provid[e] an explanation supported by substantial evidence."

*Woods*, 32 F.4th at 792. The ALJ failed to provide such support for, or explain why he rejected Cunningham's opined limitations on Plaintiff's ability to lift/carry, stand/walk, and sit, but simply stated that such limitations were an overestimation. (AR 29). The ALJ's finding that those limitations were an overestimation is not a sufficient explanation for partially rejecting Cunningham's opinion and prevents this Court from determining whether the ALJ's decision is supported by substantial evidence. *Joseph F. v. Kijakazi*, No. EDCV 22-50-DFM, 2022 U.S. Dist. LEXIS 186452, 2022 WL 17903079, at *5-6 (C.D. Cal. Oct. 11, 2022) (the analysis was insufficient when the ALJ did not articulate reasons for his conclusion that physicians' opinions were not supported by their findings); *Sandra B. v. Kijakazi*, No. CV 20-11359-GJS, 2022 U.S. Dist. LEXIS 121047, 2022 WL 2651981, at *5-6 (C.D. Cal. July 8, 2022) (the ALJ's supportability analysis consisting of single-sentence conclusory statement was insufficient under the regulations).

Ultimately, the ALJ is required to do more to support his finding that Cunningham's opinion as to Plaintiff's limitations in lifting/carrying, standing/walking, and sitting being unpersuasive, than identifying the limitations as an overestimation. (AR 29). This falls short of the requirement that the ALJ "explain how" he considered the supportability and consistency factors. *Woods*, 32 F.4th at 792; *see also Garrison,* 759 F.3d at 1013 (an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion).

The Court is constrained to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ." *Bray*, 554 F.3d at 1226. While Defendant points to

evidence in the record in an attempt to support this finding, it is not clear from the decision whether that evidence was actually relied upon by the ALJ when finding Cunningham's opined limitations to be an overestimation. (DKt. 22 at 4). Indeed, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ, not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1225.

The Court concludes that the ALJ's decision did not articulate any sufficient consideration of the supportability and consistency factors when evaluating Cunningham's opinion as to Plaintiff's limitations in lifting/carrying, standing/walking, and sitting, meaning the Court cannot determine whether the ALJ's persuasiveness finding was supported by substantial evidence in the record, and therefore the ALJ erred. *Stiffler v. O'Malley*, 102 F.4th 1102, 1006 (9th Cir. 2024).

However, an ALJ's failure to properly evaluate the medical opinions may be harmless error when the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [opinion], could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Here, crediting the limitations in Cunningham's opinion of lifting/carrying, standing/walking, and sitting, would likely have affected the ALJ's RFC, and consequently, the hypothetical posed to the vocational expert, and the outcome of the disability determination may have been different. *See Ghanim v. Colvin*, 763 F.32 1154, 1166 (9th Cir. 2014). The ALJ's error

were therefore not inconsequential to the disability determination and was not harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). [3]

## CONCLUSION

Based on the foregoing, the Court finds harmful error in the ALJ's evaluation of Cunningham's medical opinion. Therefore, the disability determination is not supported by the record. The Court will reverse and remand the ALJ's decision for further administrative proceedings. The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Trevizo*, 871 F.3d at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

---

[3] Having found that remand is warranted based on one issue raised by Plaintiff concerning the medical opinion evidence, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

Here, the ALJ erred by failing to properly evaluate Cunningham's medical opinion. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Because the ALJ misevaluated the medical opinion evidence, the ALJ will necessarily need to reassess those findings and proceed to the remaining steps as appropriate. Accordingly, the Court finds it appropriate to reverse and remand for further administrative proceedings.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**; and

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) 3)  The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) 4)  Judgment be **ENTERED** in favor of Plaintiff.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or

**REPORT AND RECOMMENDATION - 13**

as a result of failing to do so, that party may waive the right to raise factual and/or legal

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 22, 2025

Honorable Debora K. Grasham
United States Magistrate Judge